**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TWYLA PRINDLE, individually and on
behalf of a class of persons similarly
situated,

               Plaintiff,

v.                                                                    Case No. 3:13-cv-1349-J-34PDB

CARRINGTON MORTGAGE SERVICES,
LLC,

               Defendant.
_____/

## AMENDED ORDER

     **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  On November 1, 2013, Defendant,

Carrington Mortgage Services, LLC ("Carrington Mortgage Services" or "Defendant"), filed

its Notice of Removal (Doc. No. 1; Notice), removing this case from the Circuit Court of the

Fourth Judicial Circuit, in and for Duval County, Florida.  <u>See</u> Notice at 1.  In the Notice,

Carrington Mortgage Services asserts that this Court has jurisdiction over the instant action

pursuant to 28 U.S.C. §§ 1332(a) and 1441.  <u>See</u> <u>id.</u>  Specifically, Carrington Mortgage

Services alleges that the Court has diversity jurisdiction over this action because Plaintiff,

Twyla Prindle, is a citizen of Florida, while all members of Carrington Mortgage Services are

citizens of Delaware and California.  <u>See</u> <u>id.</u> at 3.  Carrington Mortgage Services bases its

citizenship allegation on the fact it is a Delaware limited liability company wholly owned by

Carrington Mortgage Holdings, LLC, which is, in turn, a Delaware limited liability company

owned by Carrington Holding Company, LLC, and Darren Fulco, individually.  <u>See id.</u> According to Defendant, Carrington Holding Company is a Delaware limited liability company, and Darren Fulco is a citizen of California.  <u>See id.</u>  However, because Defendant has failed to identify the citizenship of Carrington Holding Company's members, the Court determines that Carrington Mortgage Services's citizenship is not properly alleged in the Notice.  Therefore, the Court's subject matter jurisdiction over the action is not established.

Federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction.  <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>University of South Ala. v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  <u>See</u> 28 U.S.C. §1332(a); <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001); <u>Kirkland</u>, 243 F.3d at 1280.  The party removing an action originally filed in state court to federal court bears the burden of proving that federal jurisdiction exists.  <u>See</u> <u>Williams</u>, 269 F.3d at 1319; <u>Kirkland</u> 243 F.3d at 1281, 1281 n.5.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412.  Relevant to this action, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, to sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of each of the limited liability company's members, be it an individual, corporation, LLC, or other entity.  See id.  Since Carrington Holding Company is a limited liability company, Defendant must identify the citizenship of each of Carrington Holding Company's members.

The Court also takes this opportunity to raise a different jurisdictional concern given that Plaintiff has pled this case as a putative class action.  See Complaint at 4-7 (Doc. No. 2).  In the Notice, Defendant alleges diversity jurisdiction without addressing the jurisdictional implications of the putative class action.  See Notice at 2-7.  The Court recognizes that Defendant disputes that class certification would be appropriate here.  Notice at 5 n.2. Nevertheless, in light of the fact that Plaintiff has brought this action individually and on behalf of a class of persons similarly situated, the Court requests that Defendant provide information establishing the propriety of the Court's exercise of diversity jurisdiction over this case as a putative class action.

In light of the foregoing, the Court will give Carrington Mortgage Services an opportunity to identify Carrington Holding Company's citizenship, and that this Court may properly exercise jurisdiction over the instant action.  Carrington Mortgage Services shall provide adequate allegations regarding Carrington Holding Company's citizenship as a

limited liability company.  Additionally, Carrington Mortgage Services shall address the propriety of jurisdiction in light of the fact that Plaintiff has pled this case individually and on behalf of a class of persons alleged to be similarly situated.

Accordingly, it is **ORDERED**:

Defendant shall have until **December 2, 2013**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on this 7th day of November, 2013.

MARCIA MORALES HOWARD
United States District Judge

lc18

Copies:
Counsel of Record