UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TWYLA PRINDLE, individually and on
Behalf of a class of persons similarly situated,

      Plaintiff,                                     Case No.: 3:13-cv-01349-MMH-PDB

CARRINGTON MORTGAGE SERVICES, LLC

      Defendant.
_____/

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | January 30, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | January 30, 2014 |
| **Motions to Add Parties or to Amend Pleadings** | April 14, 2014 |
| **Disclosure of Expert Reports**   Plaintiff/Defendant: | May 14, 2014 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | June 13, 2014 |
| **Dispositive and Daubert Motions**<br>[Court requires 4 months or more before trial term begins] | July 14, 2014 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must not** be less than 4 months after dispositive motions deadline (unless filing of such motions is | (December 2014) |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| waived).   Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month.   If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | |
| **Estimated Length of Trial**   [trial days] | 4 days |
| **Jury / Non-Jury** | Jury[1] |
| **Mediation**<br>Deadline:<br><br>Mediator:      Michael J. Dewberry<br>Address:       1301 Riverplace Blvd., Suite 1500<br>                      Jacksonville, FL 32207<br><br>Telephone:    904-349-5936<br><br>[Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation.  A list of certified mediators is available on the Court's website and from the Clerk's Office.] | March 15, 2014 |
| **All Parties Consent to Proceed Before Magistrate Judge**<br>If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____    No __X__ |

---

[1] Carrington Mortgage Services, LLC (**Carrington**), objects to Ms. Prindle's demand for a jury trial as she has waived any right she may have to a jury for her asserted claims within paragraph 25 of her mortgage.   Based on her contractual waiver, Carrington intends to move to strike her jury trial demand.

**I.      Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on December 27, 2013 and January 10, 2014 via telephone and December 30, 2013 in person at various times and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Janet Varnell<br>Varnell & Warwick | Plaintiff |
| Max Story<br>Collins & Story, PA | Plaintiff |
| Justin Hekkanen, Larry Silverman and Celia C. Falzone<br>Akerman LLP | Defendant |

**II.     Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:**  Parties   (check one) [__] request   [_X_] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include: none at this time.

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [__] have exchanged [_X_] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by   January 30, 2014   (date).

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal.  Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**.  Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer.  A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

    **B.     Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  <u>See</u> Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery Handbook.

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: no further agreement at this time. Carrington notes that it may move to stay all discovery pending a ruling on its dispositive motions.

### C. Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: the parties will confer and agree upon the terms of a confidentiality agreement to permit the appropriate designation of documents exchanged in discovery as "confidential."

### D. Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege

Pursuant to Fed.R.Civ.P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The parties agree that privilege logs in compliance with Fed.R.Civ.P. 26 shall be provided at the time the subject documents are actually produced by the responding party. The parties agree that confidential communications between the parties and their outside counsel that would otherwise be responsive to a discovery request need not be itemized on a privilege log and need not be disclosed. The parties further agree to work in good faith together to resolve any issues relating to the preservation and production of ESI, including the sources to be searched for, the costs of ESI production, and the format in which ESI will be produced..

V.   **Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.     Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral): N/A.

Date: January 14, 2014

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| /s/ Janet R. Varnell_____ | /s/ Justin E. Hekkanen_____ |
|---|---|
| JANET R. VARNELL | JUSTIN E. HEKKANEN |
| Florida Bar No.: 0071072 | Florida Bar No.:  33712 |
| jvarnell@varnellandwarwick.com | justin.hekkanen@akerman.com |
| BRIAN W. WARWICK | CELIA C. FALZONE |
| Florida Bar No.: 0605573 | Florida Bar No.:  0016439 |
| bwarwick@varnellandwarwick.com | celia.falzone@akerman.com |
| STEVEN T. SIMMONS, JR. | AKERMAN, LLP |
| Florida Bar No.: 0091654 | 50 North Laura Street, Suite 3100 |
| ssimmons@varnellandwarwick.com | Jacksonville, FL 32202 |
| VARNELL & WARWICK, P.A. | Telephone: 904-798-3700 |
| 20 La Grande Blvd. | Facsimile: 904-798-3730 |
| The Villages, FL 32159 | |
| Telephone: (352) 753-8600 | – and – |
| | WILLIAM P. HELLER |
| | Florida Bar No.:   987263 |
| | william.heller@akerman.com |
| | AKERMAN, LLP |
| | Las Olas Centre II, Suite 1600 |
| | 350 East Las Olas Boulevard |
| | Fort Lauderdale, Florida   33301-2229 |
| | Telephone:   954-463-2700 |
| | Facsimile:   954-463-2224 |

**CERTIFICATE OF SERVICE**

      I hereby certify on January 14, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          _/s/ Justin E. Hekkanen_____
                                          Attorney

**SERVICE LIST**

**Max Story, Esq.**
Collins & Story, PA
233 E. Bay Street, Suite 233
Jacksonville, FL   32202-3659
max@collinsstorylaw.com

**Steven T. Simmons, Jr., Esq.**
Varnell & Warwick, P.A.
20 La Grande Blvd.
The Villages, FL 32159
ssimmons@varnellandwarwick.com

**Brian W. Warwick, Esq.**
Varnell & Warwick, P.A.
20 La Grande Blvd.
The Villages, FL 32159
bwarwick@varnellandwarwick.com

**Janet R. Varnell, Esq.**
Varnell & Warwick, P.A.
20 La Grande Blvd.
The Villages, FL 32159
jvarnell@varnellandwarwick.com

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's interested persons order:

1.) the name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action — including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

[insert list]

2.) the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

[insert list]

3.) the name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy cases:

[insert list]

4.) the name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

[insert list]

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

[Date]

_____
[Counsel of Record or *Pro Se* Party]
[Address and Telephone]

[Certificate of Service]