**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TWYLA PRINDLE, individually and on behalf
of a class of persons similarly situated,

        Plaintiff,

v.                                          Case No. 3:13-cv-1349-J-34PDB

CARRINGTON MORTGAGE SERVICES, LLC,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Carrington's Motion to Strike and Opposition to Plaintiff's Renewed Motion for Class Certification (Doc. 85; Motion and Opposition) filed on July 13, 2015. In the Motion and Opposition, Defendant requests that the Court strike Plaintiff's Renewed Motion for Class Certification and Incorporated Memorandum of Law (Doc. 82; Renewed Motion for Class Certification), filed on May 29, 2015. See Motion and Opposition at 6. On September 16, 2014, Plaintiff filed Plaintiff's Motion for Class Certification and Incorporated Memorandum of Law (Doc. 59; Plaintiff's September 16, 2014 Motion), which is presently pending before the Court. In light of this earlier-filed motion, Defendant argues that because Plaintiff "chose to move early" in seeking class certification, "[s]he should be bound to that choice[.]" Motion and Opposition at 6.

In support of the Motion and Opposition, Defendant cites Rule 12(f), Federal Rule of Civil Procedure (Rule(s)). Id. at 6 n.1. Rule 12(f)(2) provides that, upon motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, only material found in a "pleading" may be

stricken pursuant to Rule 12(f). See Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999); Newsome v. Webster, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994).  Rule 7(a) defines which documents constitute pleadings.[1]  See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (noting that Rule 7(a) "enumerat[es] permitted 'pleadings'").  Motions for class certification are not considered pleadings.  See Rule 7(a).  Defendant's Motion is directed at Plaintiff's Renewed Motion for Class Certification—a filing that does not constitute a pleading.  See Motion and Opposition at 6; Rule 7(a).  Thus, the remedy provided in Rule 12(f) is not available.[2]

Moreover, Defendant's argument that Plaintiff "should be bound" by her decision to "move early" is improper in light of the Court's March 5, 2015 Order (Doc. 80) modifying the Case Management and Scheduling Order and Referral to Mediation (Doc. 67).  Plaintiff timely filed the Renewed Motion for Class Certification.  As such, the Court will deny Plaintiff's September 16, 2014 Motion as moot.

Accordingly, it is **ORDERED**:

---

[1]  Specifically, Rule 7(a) provides that "[o]nly these pleadings are allowed":
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

[2]  The Court recognizes that it is ruling on the Motion and Opposition without waiting for Plaintiff to file a response.  As the Court concludes that there is no authority for the relief requested, a response is not necessary at this time.

1. Carrington's Motion to Strike and Opposition to Plaintiff's Renewed Motion for Class Certification (Doc. 85) is **DENIED** to the extent that Defendant requests that the Court strike Plaintiff's Renewed Motion for Class Certification and Incorporated Memorandum of Law (Doc. 82).

2. Plaintiff's Motion for Class Certification and Incorporated Memorandum of Law (Doc. 59) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of July, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:

Counsel of Record