UNITED STATESDISTRCT COURT
MIDDLEDISTRICT OF FLORIDA
JACKSONVILLEDIVISION

**TWYLAPRINDLE,** individuallyand on
behalf ofaclass ofpersons similarlysituated,

      Plaintiff,                        Case No.: 3:13-cv-01349-MMH-PDB

v.

**CARRINGTONMORTGAGE
SERVICES,LLC,**

      Defendant.

_____/

## PLANTIFF'S MOTION TO STRIKE DEFENDANT'S
## DEFENSES AND AFFIRMATIVE DEFENSES

Plaintiff, by and through her undersigned counsel, and on behalf of all others similarly situated, moves this Court to strike certain defenses and affirmative defenses filed by Defendant CARRINGTON MORTGAGE SERVICES, LLC ("CARRINGTON") in its answer to Plaintiff's Revised Second Amended Class Action Complaint.

## I.     INTRODUCTION

The Complaint in this matter alleges that CARRINGTON violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55 *et seq*., Fla. Stat. ("FCCPA")[1], by sending debt collection communications that boldly demand payment for debts discharged in bankruptcy. Plaintiff also alleges that she is entitled to relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2201.

---

[1] The Court granted in part, denied in part Defendant's Motion to Dismiss the Second Amended Complaint, whereby Plaintiff's FCCPA claims were dismissed. [Doc. 97.] For purposes of this motion, Plaintiff will only address Defendant's affirmative defenses as they apply to her FDCPA and Declaratory Judgment claims.

On October 23, 2015, CARRINGTON filed its answer, defenses and affirmative defenses to Plaintiff's Revised Second Amended Class Action Complaint.  [Doc. 101.]  Plaintiff takes issue with some of CARRINGTON's defenses and affirmative defenses raised as well as the demand for attorney's fees and costs, as they are improperly pled; insufficient as a matter of law; or scandalous and improper.

## II.   PLEADING STANDARD

Under Rule 12(f), the court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.  Fed.R. Civ. P. 12(f).  Motions to strike affirmative defenses are properly granted when, on the face of the pleadings, are patently frivolous, or the purported defense is insufficient as a matter of law.  E.g., Muschong v. Millennium Phys. Group, LLC, 2014 WL 3341142, *1 (M.D. Fla. July 8, 2014).

Further, affirmative defenses are insufficient as a matter of law if they fail to meet the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the asserted defense. SeeMorrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); Merrill Lynch Bus. Fin. Servs. v. Performance Mach. Sys., No. 04-60861-CIV, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they fail to recite more than bare-bones conclusory allegations"). "Additionally, although an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' "Mid-Continent Cas. Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); See also, Castillo v. Roche Laboratories Inc., No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) (applying

Twombly's heightened pleading standard to affirmative defenses); <u>Home Mgmt. Solutions, Inc. v. Prescient, Inc.</u>, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests") (brackets omitted) (quoting <u>Twombly</u>, 550 U.S. at 556 n.3).

## III.   ARGUMENT

CARRINGTON alleges twenty-one (21) affirmative defenses, many of which fail to meet the pleading standard required of affirmative defenses, or which also fail as a matter of law.

### A.   First Affirmative Defense:  Failure to State a Claim

**"The revised second amended complaint fails to state a claim upon which relief can be granted."**

CARRINGTON's first affirmative defense does not set forth any facts in support of this affirmative defense.  It merely parrots Rule 12(b)(6).  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.   <u>See Tara Productions, Inc. v. Hollywood Gadgets, Inc.</u>, 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).  Moreover, CARRINGTON's motion to dismiss on these grounds was already heard and ruled upon by the Court.  Therefore, since CARRINGTON has failed to allege any facts to support its first affirmative defense, the defense should be stricken.

B.     **Fourth Affirmative Defense:  Compliance with Law**

**"Carrington has complied with all applicable laws, statutes or regulations and has committed no violation thereof with respect to Ms. Prindle."**

CARRINGTON's fourth affirmative defense cites no facts to support its conclusory allegation.  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.  See Tara Productions, Inc., 2009 WL 4800542 at *2 (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence affirmative defense was vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).  CARRINGTON has failed to allege any facts to support its fourth affirmative defense, and therefore, the affirmative defense must be stricken.

C.     **Fifth Affirmative Defense:  No Injury or Damages**

**"Ms. Prindle has not been damaged or harmed by the conduct alleged in the revised second amended complaint."**

CARRINGTON's fifth affirmative defense fails to state facts sufficient to support the pleading of an affirmative defense.  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.  See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).

Moreover, CARRINGTON ignores the fact that the FDCPA is a strict liability act which provides Plaintiff with actual and statutory damages for CARRINGTON's FDCPA violations.

Here, Plaintiff has sufficiently alleged that she was harmed by CARRINGTON's acts and omissions.  Since CARRINGTON has failed to include any factual support of its fifth affirmative defense, CARRINGTON's fifth affirmative defense should be stricken.

**D.      Sixth Affirmative Defense:  Failure to Mitigate Damages**

> **"Ms. Prindle's claims are barred because, and to the extent that, she has failed to mitigate any damage."**

CARRINGTON's sixth affirmative defense is not properly pled, and therefore cannot stand as a matter of law to the allegations against CARRINGTON in this case. Plaintiff has alleged violations of consumer protection statutes by the conduct of CARRINGTON in sending debt collection communications. Plaintiff had no control over CARRINGTON's decision to act and could not prevent them.  Once the communications were sent and received, the damage was done and it was impossible for Plaintiff to mitigate any damages.

In a similar consumer protection statute action concerning a junk fax Telephone Consumer Protection Act ("TCPA") case, District Judge Gettleman stated with respect to a failure to mitigate defense that such an assertion is "[n]onsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable." Holtzman v. Turza, 2010 WL 4177150, at *5 (N.D. Ill.). Like the TCPA, each violation of the FDCPA is actionable and Plaintiff is entitled to actual and statutory damages for each violation proved.

Further, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses.  Because the FDCPA is a strict liability statute, there is no basis to permit CARRINGTON to assert failure to mitigate as a defense and it should be stricken.

**E.      Seventh Affirmative Defense: Not a Debt Collector**

**"Carrington was not acting as a debt collector by offering Ms. Prindle a loan modification."**

CARRINGTON's seventh affirmative defense fails to state facts sufficient to support the pleading of an affirmative defense.  In addition, CARRINGTON's conclusory statement that it is not a debt collector is rebutted by the language in its communications, which state that CARRINGTON is attempting to collect Plaintiff's purported debt.   Therefore, because CARRINGTON has failed to allege facts to support its defense, and its communications establish that CARRINGTON is attempting to collect debts, CARRINGTON qualifies as a "debt collector" under the FDCPA, and its seventh affirmative defense should be stricken.

**F.      Eleventh Affirmative Defense:  Waiver**

**"Ms. Prindle's actions in requesting and making trial period payments toward the loan modification and in requesting options to retain the property acted to waive any claim she may have related to the loan modification offer and/or mortgage statement."**

CARRINGTON's eleventh affirmative defense fails as a matter of law because the statute at issue is one of strict liability with only one exception, the bona fide error defense.  See McCorriston v. L.W.T., Inc., 536 F.Supp. 2d 1268, 1277 at n.8 (M.D. Fla. 2008) ("the FDCPA is a strict liability statute"); Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense")."The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."  Owen, 629 F.3d at 1270.

Under the statutory construction doctrine, *unius est exclusio*, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong

presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses.  Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law.").  Here, whether some form of "waiver" existed has no effect on the FDCPA violations alleged, since once the communications at issue were sent by CARRINGTON, the damage was done.  Therefore, CARRINGTON's eleventh affirmative defense must be stricken.

### G.      Twelfth Affirmative Defense:  Ratification

**"Ms. Prindle's actions in requesting workout solutions and making trial period payments toward the loan modification ratified Carrington's actions."**

CARRINGTON's twelfth affirmative defense fails as a matter of law because the statute at issue is a strict liability act with only one exception, the bona fide error defense.  See McCorriston v. L.W.T., Inc., 536 F.Supp. 2d 1268, 1277 at n.8 (M.D. Fla. 2008) ("the FDCPA is a strict liability statute"); Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1271 (11th Cir. 2011) ("FDCPA affords a narrow carve-out to the general rule of strict liability, known as the 'bona fide error' defense")."The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."  Owen, 629 F.3d at 1270.

Under the statutory construction doctrine, *unius est exclusio*, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses.  Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law.")  Here, whether some form of "ratification" existed has no effect on the FDCPA violations alleged, since once the communications at issue were sent by CARRINGTON, the damage was done.  Therefore, CARRINGTON's eleventh affirmative defense must be stricken.

**H.      Sixteenth Affirmative Defense:  Laches**

**"Ms. Prindle's claims are barred by the doctrine of laches."**

CARRINGTON's fourteenth affirmative defense fails to state facts sufficient to support the pleading of an affirmative defense.  This one-sentence affirmative defense parrots a defense identified in Rule 8 but offer no facts. It is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice. See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).   Specifically, CARRINGTON has failed to plead any facts in support of its fourteenth affirmative defense, and therefore, the defense should be stricken.

This equitable defense is not set forth in the Act as a possible defense. Under the statutory construction doctrine, *unius est exclusio*, Congress' creation of the "bona-fide error" affirmative defense, and no other, within the FDCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. Howlett v. Rose, 496 U.S. 356, 375 (1990)

**I.       Seventeenth Affirmative Defense:  Good Faith**

**"Ms. Prindle is not entitled to any recovery because any alleged acts or omissions were made by Carrington in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.  In particular, Carrington's actions were in conformity with the government Making Home Affordable program, and it's mortgage statement was compliant with regulations."**

CARRINGTON's seventeenth affirmative defense fails to state facts sufficient to support the pleading of an affirmative defense.  This one-sentence affirmative defense is vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.  See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).  Therefore, the defense should be stricken.

**J.      Eighteenth Affirmative Defense: Principle Purpose**

> **"Carrington's principal purpose is not collecting debts.   Neither does it regularly collect or attempt to collect debts owed another."**

CARRINGTON's eighteenth affirmative defense fails to state facts sufficient to support the pleading of an affirmative defense.  This one-sentence affirmative defense is conclusory, vague and does not provide Plaintiff with sufficient information upon which to prepare a response, and does not provide Plaintiff with fair notice.  See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, *2 (S.D. Fla. Dec. 11, 2009) (granting plaintiff's motion to strike affirmative defenses on grounds that defendant's one-sentence failure to state a cause of action affirmative defense is vague and does not provide plaintiff with fair notice or sufficient information to prepare a response).  Specifically, CARRINGTON has failed to plead any facts in support of its eighteenth affirmative defense, and therefore, the defense must be stricken.

**K.      Nineteenth Affirmative Defense: No Intent**

> **"Ms. Prindle cannot establish a violation of the FDCPA because the conduct allegedly giving rise to a violation, if indeed it occurred, was not intentional. Any violation alleged by Ms. Prindle, if it occurred, was the result of bona**

**fide error that occurred in spite of Carrington's established procedures reasonably adapted to avoid such errors.** *See 15* **U.S.C. § 1692k(c).**

As stated above, Carrington has failed to include any facts to support its affirmative defense that its violations of the FDCPA were not intentional. The Defense only applies if there are established procedures and CARRINGTON has not identifiedany procedure. CARRINGTON's Nineteenth Affirmative Defense merely restates the language of the statute, and isinsufficient under Fed. R. Civ. P. 9(b). Rule 9(b) provides:

> In alleging fraud or *mistak*e, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

(Emphasis added). For all averments of fraud or mistake, the circumstances constitutingfraud or mistake "must" be stated with particularity. Leatherman v. Tarrant Co. Narcs.Intel.& Coordination Unit, 507 U.S. 163, 168 (1993). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." GE Capital Corp. v. Lease Res. Corp., 128 F. 3d 1074, 1078 (7th Cir. 1997). Merely parroting the language of the statute cannot possibly be sufficient under this standard. The defense, as pleaded, provides no insight at all as to what the defense, if any, will be.

Courts in this district have routinely concluded that merely asserting a potential affirmative defense without any factual support is improper. See Aluia v. Dyck-O'Neal, Inc., 2015 WL 4349090, *2 (M.D. Fla. July 14, 2015) (granting plaintiff's motion to strike bona fide error defense); Schmidt v. Synergetic Comms. Inc., 2015 WL 997828, *2 (M.D. Fla. 2015) (Steele, J.) (granting plaintiff's motion to strike bona fide error defense).   Therefore, CARRINGTON's Nineteenth Affirmative Defense should be stricken.

L.      **Twenty-First Affirmative Defense:  Reservation**

**"Carrington reserves the right to assert any additional defenses based on information or knowledge obtained throughout the course of litigation."**

Plaintiff states that the reservation sought in the Twenty-First Affirmative Defense is improper since it presents no facts. Therefore, CARRINGTON's Twenty-First Affirmative Defense should be stricken.

## IV.     CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that CARRINGTON's Affirmative Defenses identified above be stricken with prejudice, pursuant to Fed. R. Civ. P. 8, 9, and 12(f).

### RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on November 16, 2015, pursuant to Local Rule 3.01(g), undersigned counsel contacted CARRINGTON's counsel who stated that Defendant opposed the relief sought in this motion.

Dated:  November 16, 2015          **VARNELL & WARWICK, P.A.**

By:     /s/ Janet R. Varnell
          JANET R. VARNELL
          Florida Bar No.:  0071072
          BRIAN W. WARWICK
          Florida Bar No.:  0605573
          STEVEN T. SIMMONS, JR.
          Florida Bar No.:  0091654
          P.O. Box 1870
          Lady Lake, FL  32158
          Telephone: (352) 753-8600
          Facsimile:  (352) 504-3301
          *jvarnell@varnellandwarwick.com*
          *bwarwick@varnellandwarwick.com*
          *ssimmons@varnellandwarwick.com*
          *kstroly@varnellandwarwick.com*

**MAX STORY, P.A.**
Max Story
Florida Bar No: 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone:  (904) 372-4109
Facsimile:  (904) 758-5333
max@maxstorylaw.com

**LEGG LAW FIRM, LLC**
Scott Craig Borison (Pro Hac Vice)
5500 Buckystown Pike
Frederick, MD  21703
Telephone: (301) 620-1016
Facsimile:  (301) 620-1018
Borison@legglaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 16, 2015</u>, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Justin E. Hekkanen
Justin.hekkanen@akerman.com
Celia C. Falzone
celia.falzone@akerman.com
AKERMAN LLP
50 North Laura Street
Suite 3100
Jacksonville, FL  32202

William P. Heller
William.heller@akerman.com
Las Olas Center II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, FL  33301-2229

Lawrence Silverman
lawrence.silverman@akerman.com
One S.E. Third Avenue
25th Floor
Miami, FL 33131-1714

/s/ Janet R. Varnell
Janet R. Varnell
