United States District Court
Middle District of Florida
Jacksonville Division

**TWYLA PRINDLE,**

    *Plaintiff,*

v.                                                   **NO. 3:13-cv-1349-J-34PDB**

**CARRINGTON MORTGAGE SERVICES, LLC,**

    *Defendant.*

## Order

Before the Court is Twyla Prindle's motion to strike defenses from Carrington Mortgage Services, LLC's pleading, Doc. 101 (pleading); Doc. 103 (motion), and Carrington's response in opposition, Doc. 106.

**I.  Overview**

Prindle alleges Carrington violated and continues to violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, by trying to collect debts discharged in bankruptcy actions.[1] Doc. 58. Besides class certification, she seeks actual damages, statutory damages, declaratory relief, injunctive relief, and disgorgement of ill-gotten sums. Doc. 58 at 17−18. Carrington denies liability and asserts twenty-one defenses. Doc. 101.

---

[1] The Court earlier dismissed claims under the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55–559.785, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Doc. 99 at 20−21. In deciding the motion to strike, the Court does not consider the dismissed claims.

## II.   Law

### A.   *Procedural Law*

Federal Rule of Civil Procedure 1 provides the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The recent addition of "and the parties" places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

Federal Rule of Civil Procedure 7(a) specifies permissible pleadings, including a complaint and an answer. Federal Rule of Civil Procedure 8 governs the contents of pleadings. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An answer must "state in short and plain terms" the defenses to each claim and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1). Federal Rule of Civil Procedure 9(b) adds a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."[2] Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 12(h)(2) allows a party to raise failure to state a claim upon which relief may be granted in any pleading Rule 7(a) allows, by a motion for judgment on the pleadings, or at trial.

---

[2]"A well-pleaded claim grounded on mistake should include averments of what was intended, what was done, and how the mistake came to be." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1299.

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient "if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Insufficiency depends on the claim and the defense. *Id.*

"Partly because of the practical difficulty of deciding cases without a factual record[,] it is well established that … striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for … justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instr. of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoted authority and alterations omitted); *see also* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

An affirmative defense raises a matter extraneous to the prima facie case, and the party raising it usually must prove it.[3] *In re Rawson Food Serv., Inc.*, 846 F.2d

---

[3]Affirmative defenses include accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. Fed. R. Civ. P. 8(c)(1).

1343, 1349 (11th Cir. 1988). A denial asserts defects in the prima facie case and is not an affirmative defense. *Id.* If a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike it but to treat it as a denial. *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 220−21 (D. Conn. 2000); *accord* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1269.

### B.  *Substantive Law*

The FDCPA prohibits unfair debt-collection practices. 15 U.S.C. §§ 1692b–1692j. A debt collector who fails to comply is liable to any affected individual for actual damages and statutory damages "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1), (a)(2)(A). To decide statutory damages, a court must consider the frequency and persistence of the noncompliance, the nature of the noncompliance, the extent to which the noncompliance was intentional, and unspecified "other relevant factors."[4] 15 U.S.C. § 1692k(b)(1). "[E]quitable relief is not available to an individual under the civil liability section of the [FDCPA]." *Sibley v. Fulton DeKalb Coll. Serv.*, 677 F.2d 830, 834 (11th Cir. 1982).

The statute of limitations for a private FDCPA claim is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). A debt collector may not be held liable if it shows the violation was not intentional and from a bona fide error despite

---

[4]In a class action, a debt collector who fails to comply with the FDCPA is liable for an amount each named plaintiff could recover and an amount the court may allow for other class members not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector. 15 U.S.C. § 1692k(a)(2)(B). To decide the amount of a class action award, a court must consider the factors for damages to an individual as well as the resources of the debt collector and the number of persons adversely affected. 15 U.S.C. § 1692k(b)(2).

maintenance of procedures reasonably adapted to avoid the error. 15 U.S.C. § 1692k(c). The defense applies to a violation resulting from a clerical or factual error but not from a legal error. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 576, 581–85 (2010). The liability provisions do not apply "to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau [of Consumer Financial Protection]." 15 U.S.C. § 1692k(e).

**III.   Analysis**

For many defenses, Prindle's argument concerns Carrington's failure to allege factual bases. Doc. 103 at 2−11. The argument is based on the notion that the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007), apply to defenses. The Court has carefully considered and rejected the argument in other cases. *See Ability Housing of NE Fla., Inc. v. City of Jacksonville*, No. 3:15-cv-1380-J-32PDB, 2016 WL 816586, at *2 (M.D. Fla. Mar. 2, 2016) (unpublished), and *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (unpublished). Not persuaded to do otherwise here, the Court rejects the argument for the reasons in those cases.

For its first defense, Carrington asserts, "The revised second amended complaint fails to state a claim upon which relief can be granted." Doc. 101 at 8. Prindle argues the Court should strike the defense because the Court already decided the motion to dismiss. Doc. 103 at 3. The Court rejects the argument because Rule

12(h)(2) allows a party to raise the defense in an answer and the defense does no harm in remaining.

For its fifth defense, Carrington asserts, "Ms. Prindle has not been damaged or harmed by the conduct alleged." Doc. 101 at 9. For its sixth defense, Carrington asserts, "Ms. Prindle's claims are barred because, and to the extent that, she has failed to mitigate any damage." Doc. 101 at 9. For its eleventh defense, Carrington asserts "Ms. Prindle's actions in requesting and making trial period payments toward the loan modification and in requesting options to retain the property acted to waive any claim she may have related to the loan modification offer and/or mortgage statement." Doc. 101 at 10. For its twelfth defense, Carrington asserts, "Ms. Prindle's actions in requesting workout solutions and making trial period payments toward the loan modification ratified Carrington's actions." Doc. 101 at 10. Prindle argues the Court should strike the defenses because the FDCPA is a strict liability statute with a single affirmative defense (bona fide error), the FDCPA provides her with actual and statutory damages for any violations, and damages accrued as soon as the allegedly offending communications were sent. Doc. 103 at 4−7. The Court rejects the argument given that a court may consider many things in determining actual damages, whether to award statutory damages, and the amount of damages. The defenses or denials merely notify Prindle of how Carrington plans to defend the case and do no harm in remaining.

For its seventh defense, Carrington asserts, "Carrington was not acting as a debt collector by offering Ms. Prindle a loan modification." Doc. 101 at 9. Prindle

6

argues the Court should strike the language because the allegedly offending communications establish Carrington is trying to collect debts. Doc. 103 at 6. The Court rejects the argument because the defense merely denies liability, moving to strike is an inappropriate procedural mechanism to decide whether Prindle has established part of her prima facie case, and it does no harm in remaining.

For its sixteenth defense, Carrington asserts, "Ms. Prindle's claims are barred by the doctrine of laches." Doc. 101 at 10. The Supreme Court has clarified laches— "unreasonable, prejudicial delay in commencing suit"—is an equitable defense that applies only to an equitable claim for which the legislature has provided no fixed time limitation.[5] *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967, 1974−75 (2014). "[I]n the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." *Id.* at 1974. In view of the statutory statute of limitations for an FDCPA claim, 15 U.S.C. § 1692k(d), and the unavailability of equitable relief in a private FDCPA action, *Sibley*, 677 F.2d at 834, laches is an insufficient affirmative defense, and striking without leave to amend is warranted. Notably, Carrington has not moved for summary judgment on the basis of laches. Doc. 113.

---

[5]Although *Petrella* was decided in the copyright context, its reasoning extends to other laws that have statutes of limitations. *See Montgomery v. Wal-Mart Stores, Inc.*, No. 12CV3057AJB (DHB), 2015 WL 7568660, at *3 (S.D. Cal. Nov. 24, 2015) (unpublished) ("Though Defendant argues *Petrella*'s reach is limited to the copyright context, the Court finds the Supreme Court's reasoning easily applied to the facts of this matter."); *Oracle Am., Inc. v. Terix Comp. Co., Inc.*, No. 5:13-cv-03385-PSG, 2015 WL 1886968, at *4 (N.D. Cal. Apr. 24, 2015) (unpublished) ("While [*Petrella*] primarily addressed the Copyright Act, the Court's reasoning logically extends the basic premise to all statutory frameworks that include a statute of limitations.").

For its nineteenth defense, Carrington asserts, "Ms. Prindle cannot establish a violation of the FDCPA because the conduct allegedly giving rise to a violation, if indeed it occurred, … was the result of bona fide error that occurred in spite of Carrington's established procedures reasonably adapted to avoid such errors." Doc. 101 at 11. Prindle argues the Court should strike the defense because it fails to satisfy Rule 9(b)'s heightened requirement for alleging mistake. Doc. 103 at 10.

Courts have struggled to find reasons for requiring mistake to be alleged with particularity because principal reasons for requiring fraud to be alleged with particularity—ensuring a fraud allegation is "responsible and supported, rather than defamatory and extortionate," *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007), and alerting a litigant to "the precise misconduct with which [it is] charged," *United States ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012)—do not apply to mistake. *See Bankers Tr. Co. v. Old Rep. Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (finding no judicial or scholarly discussion of the rationale for requiring mistake to be alleged with particularity, finding only two cases in last half century in which a complaint was dismissed for failure to allege mistake with particularity, and supposing "mistake" aspect of Rule 9(b) may be "dead letter").

The best explanation points to the longstanding adversity to undermining a commercial transaction and the resulting heightened burden of proving mutual mistake sufficient to rescind or reform a contract. *See Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 201−02 (M.D.N.C. 1997) ("The disfavored nature of the action

(because it overturns existing agreements) as evidenced by the heightened burden of proof appears to be the reason for the inclusion of mistake in Rule 9(b)."); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1296 ("[S]ince assertions of fraud or mistake often are involved in attempts to reopen completed transactions …, courts are unwilling to entertain charges of this type unless they are based on allegations that are sufficient to show whether the alleged injustice is severe enough to warrant the risks and difficulties inherent in a re-examination of old and settled matters.").

There is overlap in the terms "mistake" and "error"; they can mean the same thing, but, depending on context, they can also mean different things. *See Veracode, Inc. v. Appthority, Inc.*, No. 12-10487-DPW, 2013 WL 5587946, at *6 (D. Mass. Oct. 9, 2013) (unpublished) ("The word 'error' does not necessarily imply 'mistake.' Although these two words have overlapping definitions, they are not entirely synonymous."); *Application of Wadlinger*, 496 F.2d 1200, 1207 (U.S.C.P. 1974) ("'[M]istake' has a broad sweep and is certainly inclusive of actions taken in full consciousness.").

While recognizing most if not all courts have ruled otherwise,[6] in light of the plain language of Rule 9(b) ("mistake," not "bona fide error"), apparent rationale for

---

[6]Courts that have required the bona-fide-error defense to be pleaded in accordance with Rule 9(b) have provided no reasoning or only the observations that the defense sounds in mistake and other courts have done so. *See Youssofi v. Allied Interstate LLC*, 15CV2197-GPC(JLB), 2016 WL 29625, at *3 (S.D. Cal. Jan. 4, 2016) (unpublished); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 82 (D. Conn. 2015); *Savage v. Citibank N.A.*, No. 14-cv-03633-BLF, 2015 WL 4880858, at *2 (N.D. Cal. Aug. 14, 2015) (unpublished); *Walker v. Credit Control Servs., Inc.*, No. 8:15-cv-1114-T-17TGW, 2015 WL 4571158, at *2 (M.D. Fla. July 28, 2015) (unpublished); *Nguyen v. HOVG, LLC*, No. 14cv837 BTM, 2014 WL 5361935, at *2 (S.D. Cal. Oct. 20, 2014) (unpublished); *Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-cv-1200-Orl-18TBS, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) (unpublished); *Lowe v.*

including mistake in Rule 9(b) having nothing to do with genuine clerical or factual errors that may statutorily shield a debt collector from liability, and recognition that striking and allowing amendment would slow progress and increase costs without promoting justice, *see* Fed. R. Civ. P. 1, the Court rules the particularity requirement for mistake allegations does not extend to bona-fide-error allegations under the FDCPA and FCCPA.[7] Because the bona-fide-error defense is not insufficient (i.e., it does not appear to a certainty Prindle would succeed despite any set of facts Carrington could prove to support the defense, *see First Nat'l Bank of Jackson*, 614 F.2d at 1008), redundant, immaterial, impertinent, or scandalous, there is no basis for striking it under Rule 12(f). Prindle can readily learn the particulars she needs through basic discovery and, according to Carrington, Doc. 106 at 10, already has.[8]

---

*Diversified Consultants, Inc.*, No. 12 C 2009, 2012 WL 3776715, at *1 (N.D. Ill. Aug. 30, 2012) (unpublished); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, No. 07C5338, 2008 WL 2061551, at *1 (N.D. Ill. May 14, 2008) (unpublished).

    [7]The Eleventh Circuit has extended Rule 9(b) beyond common-law fraud allegations to statutory fraud allegations, *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1052 (11th Cir. 2015); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001), to fraud allegations even if the elements of the claim asserted do not perfectly overlap with the elements of common-law fraud, *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1309, 1311 (11th Cir. 2002), and to allegations that merely "sound" in fraud, *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir. 2014). The reason for extending "fraud"—fraud under any umbrella connotes deliberate wrongdoing and therefore implicates the concerns underlying the reason for a heightened pleading requirement for fraud—does not apply in the mistake context.

    [8]The Court recently rejected the Rule 9(b) argument in a similar case. *See* Order dated May 26, 2016, in *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 3:15-cv-1106-J-32PDB.

## Conclusion

The Court **grants** the motion to strike, Doc. 103, to the extent the Court strikes the sixteenth affirmative defense (laches) but otherwise **denies** the motion.

**Ordered** in Jacksonville, Florida, on May 27, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record